J. W. SMITH et al. *v.* THOMAS W. WILLIAMS.

1. HUSBAND AND WIFE: CERTIFICATE OF ACKNOWLEDGMENT OF THE WIFE: MEANING OF THE TERM " EXECUTED."—The term " executed," when applied to a deed, imports not only signing and sealing, but delivery. And hence, if the certificate of the acknowledgment of a married woman to a deed state that, on a prior examination, " she acknowledged that she executed the deed freely," &c., it is sufficient. See 1 Bouvier's Law Dict. 494.

2. EVIDENCE : DEPOSITIONS : PRACTICE IN EXCEPTING TO ANSWERS.—When a deposition is taken in presence of both parties, objections to the answers of a witness upon the ground that they are not responsive to the interrogatories, not made at the time of taking the deposition, will not be noticed.

ERROR to the Circuit Court of Monroe county.   Hon. Joel M. Acker, judge.

The case is very fully stated in the opinion of the court.

*J. T. Harrison* and *C. R. Crusoe,* for plaintiff in error.

This is an action of replevin to recover the possession of certain slaves.   The plaintiffs claim under a deed made by one Carter and his wife.   This deed was offered in evidence by the plaintiffs, but was objected to, and was ruled out by the court, because of the supposed insufficiency of the officer's certificate as to the acknowledgment of the wife, upon her private and separate examination, of her having duly made the deed.   The alleged insufficiency consisted in this, that the certificate stated that the wife " executed" the deed, instead of saying that she " signed, sealed, and delivered" it.

That the court erred in ruling out the evidence is now insisted on as a ground for reversal.

The law has been stated by this court to be, that " the rule appears to have received very general sanction, that all that is

required in certificates of this nature, is a substantial compliance with the law under which they are made. They are frequently made, from necessity, before illiterate and inexperienced officers; and it would subserve anything else than the purposes of justice, to determine their validity by the application of very critical or technical rules, and thereby sacrifice rights depending upon them and honestly acquired. Hence, they have been viewed with great indulgence and liberality, and have very generally been sustained, when it could be done by fair legal intendment." *Russ et al.* v. *Wingate,* 30 Miss. R. 440, 446, 447.

In the above case, the court say:

"The substance of the certificate is, that on a specified day, the husband and wife appeared, and severally acknowledged that they executed the instrument as their act and deed, and that the wife, on a private examination, apart from her husband, acknowledged that 'she did so' voluntarily," &c., p. 446.

And in *Hall* v. *Thompson,* 1 Smedes & Mar. 488, 489, the certificate did not pursue the language of the statute. Instead of certifying that Winter " acknowledged that he signed, sealed, and delivered the foregoing deed," in the words given by the statute, the officer certified that Winter " acknowledged the foregoing instrument to be his act and deed." This is in effect a good acknowledgment: p. 489. And see *Tickett* v. *Doe,* 5 Sm. & Mar. 470, 487 ; *Morse et al.* v. *Clayton,* 13 Ib. 381; *Love et al.* v. *Taylor et al.* 26 Miss. R. 574, 575.

The case of *Love et al.* v. *Taylor et al.* was "very materially re-examined; with reference to the true principles governing the subject, and many adjudications touching it in other States of the Union, upon similar statutes." And the case of *Warren* v. *Brown,* 25 Miss. R. 66, was overruled, and ought never to have been reported, say the court.

In *Rainey* v. *Gordon,* 6 Humph. R. 345, the very word " executed" was used, as in this case, p. 356. And so in *Stephens* v. *Doe,* 6 Blackf. R. 475. And the identical word was employed in *Chauvin* v. *Wagner,* 18 Missouri R. (3 Bennett), 531. And see *Parsons* v. *Boyd,* 20 Ala. 120; *Barton* v. *Morris,* 15 Ohio, 423; *Chesnut* v. *Shane's Lessee,* 16 Ohio, 599; *Gill & Simpson* v. *Faunt-*

*leroy's Heirs,* 8 B. Monroe, 183; *Etheridge* v. *Frisbee,* 9 Iredell, 312; *Dundas* v. *Hitchcock,* 12 How. U. S. Rep. 256.

Indeed, the word " execute" means, when applied to a deed, to " sign, seal, and deliver,"—nothing more, nothing less, and to give any other effect to it requires a critical acumen,

> " That can distinguish and divide
> A hair 'twixt south and southwest side."

It is the technical and legal signification of the word. 1 Bouvier's Law Dict. 494. And the entire acknowledgment must be taken together, and not the separate one construed alone, and then there can be no possibility for mistake. In the general acknowledgment, the wife uses the very words of the statute, p. 70.

But, further, it will be seen that it is not the wife who is raising the objection, or claiming adversely to the deed, but a stranger who interposes for her, but at the same time solely for his own benefit. The wife does not set up title in herself, or claim the possession of the property. The plaintiffs claim by, through, and under her, and derive possession from her and her husband. A mere volunteer cannot set up an irregularity in the acknowledgment of the execution of the deed by her. The statute was intended to guard and protect the wife, and not strangers.

*Dowd & Sykes,* and *Houston & Reynolds,* for defendant in error.

I. The delivery of a deed is essential to its validity, and the term " execute" does not include the delivery, but only the signing and sealing of the instrument. The most efficacious act, say the court, in *Armstrong* v. *Stovall,* 26 Miss. R. 281, to give it validity, was its delivery, because that more clearly showed that she intended it as her act and deed.

It must appear affirmatively that the *feme covert* acknowledged that she signed, sealed, and delivered the deed, and this separate and apart from her husband. The object of the statute is to prevent the undue influence arising from the presence of the husband. *Love* v. *Taylor,* 26 Miss. R. 567.

Slavins and wife conveyed a slave, the property of the wife, and " being privately examined, she stated that she signed and sealed the deed, uninfluenced in any way whatever."

Smith et al. *v.* Williams.

Now, if she were " uninfluenced in any way whatever," how could she have been influenced by the presence of the husband ?

Yet, the court justly decides this is void. That it was done apart from the husband must appear positively and distinctly, and is not to depend on inference. It may not be necessary to employ the very terms used by the statute ; it is not to be inferred that a thing expressly required to be done, was done, unless it is clearly and substantially shown that it was done. It is expressly required by the statute, that the delivery of the deed must be acknowledged. It is the act most essential to the validity of the deed. Unless she acknowledged that she delivered it as her act and deed, her estate will not pass by it, and the words " signing and sealing," which mean nothing more than execution, are not sufficient. *Garrison et al.* v. *Fisher*, 26 Miss. 352–6.

The directions of the statute define and limit the powers of the *feme covert*, and direct the particular mode by which she may alienate her property, and it cannot be done otherwise. *Selph* v. *Howland*, 23 Miss. R. 264.

The Statutes of 1839 and 1846 confer power on *femes covert* to make contracts, but such power must be exercised in strict conformity to the terms of the law, or the contract is invalid. *Dalton* v. *Murphy*, 30 Miss. 59.

In *Toulmin* v. *Heidelberg*, 32 Miss. R. 268, an acknowledgment almost exactly like the present was pronounced void. In the presence of the husband, Mrs. Johnson acknowledged that she signed, sealed, and delivered the instrument as her voluntary act and deed ; but on a private examination she would only state that she signed it as a relinquishment of her dower.

The court say the acknowledgment of the wife is not merely form ; it is part of the real substance of the deed, which is not complete without it.

The statute contemplates that the deed has been signed, sealed, and delivered before the acknowledgment takes place, and that the grantors appear before the officer and state those facts. The certificate of the officer of the execution and delivery of the deed, without the word acknowledged, is invalid. *McWillie* v. *Van Vacter*, 35 Mi., J. R. 456.

The statute of Pennsylvania requires that the wife shall declare

Smith et al. *v.* Williams.

on a separate examination, "that she did, voluntarily, and of her own free will and accord, seal, and as her act and deed, deliver said deed without any coercion or compulsion of her husband." The wife's acknowledgment of the deed, considered by the court in *Watson* v. *Bailey*, 1 Binney R. 477, states that on a private examination she acknowledged the instrument to be her act and deed, and desired it might be recorded. It was held that her consent did not sufficiently appear. Does not the acknowledgment necessarily show that it was her act and deed? and if her act and deed, did she not consent to it? The deed was declared void. This case was cited, and confirmed in *Evans* v. *The Commonwealth*, 4 Sergeant & Rawle, 272, 273. The words used were, that on a separate examination, the contents of the deed being fully made known to her, she assented to the same, and acknowledged it to be her act and deed. These words are much stronger than the word "execute," but were held insufficient.

It must not be left to inference. The question is not whether the words used may be construed to mean the same; but whether every word used in the statute is employed, or some other of similar import. *Steele* v. *Thompson*, 14 Sergeant & Rawle, 84; *Jourdan* v. *Jourdan*, 9 Ib. 268.

The acknowledgments of *femes covert* to deeds of conveyance must use the exact words of the act of Assembly, or they are void. The word "consummate" is certainly of broader import than the word "execute." In the case of the *Corporation, &c.* v. *Hammon*, an acknowledgment using this word "consummate," is held insufficient. 1 Harris & Johnson, 585, 588; *Heath* v. *Eden*, Ib. 751, 752; see also *Jacob* v. *Kraner*, 1 Ib. 292; *Peddicoart* v. *Rigges*, Ib. 294; *Hawkins* v. *Burress*, 1 Ib. 513; *Greene* v. *Muse*, 2 Ib. 62.

The magistrate acts as a ministerial officer, and he cannot render a judgment on the facts stated by the married woman; but his certificate must state the facts, and it is for the courts to decide on their legal effect. To sign the deed is one act, to seal it another, and to deliver it is a separate and distinct act. Suppose the word execute means all that is contended, it is a legal inference or conclusion, drawn by the officer from the privy examination. Can he certify that the *feme covert* acknowledged the deed in strict accordance with the provisions of the statute? This is the question.

A certificate of the officer, that the deed was acknowledged " according to the act of Assembly," is void. *Flannagan* v. *Young*, 2 Harr. & McHenry R. 38, 39.

A certificate which states that the acknowledgment of the execution of the deed was made " as the law directs," is void. It must state her acts and declarations, and it is for the court to decide whether they come up to the legal requisitions. No inferences can be made. *Gill & Simpson* v. *Fauntleroy's Heirs et al.* 8 B. Monroe, 179.

Jane Blackburn, being " privily examined as the law directs, acknowledged the instrument to be her act and deed," was held void by the Court of Appeals in Kentucky, in the case of *Blackburn's Heirs* v. *Pennington*, 8 B. Monroe, 218, 219. What is the difference between the acknowledgment " that it is her act and deed," and that she " executed" the deed ? See also *Perry* v. *Calhoun*, 8 Humphreys, 551; *Churchill* v. *Monroe*, 1 Rhode Island, 209 ; *Jones* v. *Lewis*, 8 Iredell, 70 ; *Jordan* v. *Covey*, 2 Carter (Indiana R.) 385.

Many of the cases make a clear distinction between the execution of a deed,—the signing, sealing,—and the delivery. The execution may be perfect, and yet the instrument retained in the hands of the grantor, for the performance of some condition which may never happen. The execution may be proved, but not the delivery. When a deed is offered in evidence, proof of handwriting is proof of its execution. 2 Phillips on Evidence, 91, 92. To execute a deed is to make a deed. 1 Bouvier's Law Dictionary, 494. The distinction between the execution and making of a deed, and its delivery, is taken in the late case decided by this court, and before cited. *McWillie* v. *Van Vacter*, 35 Miss. 456. The following rules seem to be well established by principle and authority :

1. That the delivery of a deed is essential to its validity.

2. That the acknowledgment of a *feme covert* is a part of the deed, and necessary to pass her estate ; and in this it differs from the deed of a man, whose estate passes by the deed, independent of the acknowledgment.

3. That the justice or clerk is a ministerial officer, and can only state facts, not a legal conclusion.

4. Nothing can be left to inference. Any words may be used

to mean the signing; any words may be used to designate the seal-ing ; and any words may be used to signify the delivery : but these facts must distinctly appear.  The ministerial officer cannot decree that the deed was made according to law, or executed according to the statute.

None of the cases cited by counsel shake these principles.

In the case of *Russ* v. *Wingate*, 30 Miss. 440, a different question as to the power of the officer, was involved.  The acknowledgment distinctly stated that the deed was signed, sealed, and delivered, and "she did so freely," &c., following the words of the statute.

In *Hall* v. *Thomson*, 1 Sm. & M. 488, the acknowledgment was made by a man, and the words used have been shown, in cases before cited, to be insufficient for a *feme covert.*

In *Rainey* v. *Gordon*, 6 Humphreys R. 345, the only question was, whether a deed, proved in open court before fifty justices, could be a privy examination.  The form prescribed by the statute of Ten-nessee differs widely from ours.  The form prescribed by the sta-tutes of Missouri and Indiana uses the word " execute," and does not require that she should acknowledge the signing, sealing, and delivery.  This must be done in open court, and the court may pro-nounce its judgment on the facts.  This explains the decisions, 18 Missouri, 531, and 6 Blackford, 475, cited and relied on by counsel.

II.  But it is urged, that defendant Williams is a stranger to the deed, and the defence is not made by the married woman.  A conclusive answer to this is, that the plaintiff must succeed on the strength of his own title, and not on the weakness of ours.  He seeks, in order to sustain the issue, to prove the title in Mrs. Car-ter, and then to show he had acquired that title.  This can only be done in the mode pointed out by the statute.  The defendant is not bound to deduce his title until the plaintiff has proven title or right of possession.

III. The answer to the 2d question to Mrs. Carter (on page 64 of record) except the words " I am," were properly excluded.  She is only asked to identify the negro.  She answers this, and proceeds voluntarily to state a legal conclusion that the slave was first loaned and then given, &c., and gives the declarations of her father.  How could the opposite party ask cross-questions on these subjects, when there is nothing in the question giving the slightest intimation of

the answer ? The same rule applies to the other answer excluded by the court.

*Sale* and *Phelan*, for plaintiff in error.

The positions assumed by counsel for defendant, in regard to what must substantially appear in the certificate of a married woman, were admitted in our argument. They are very plain law, and needed no citations of authority. We assert that the requisites of the statute do substantially, if not technically, appear on the deed offered. Not one of the cases cited are against the sufficiency of this certificate. They are cases

1. Where the officer undertakes to say that the acknowledgment was according to law, and similar expressions.

2. Where the certificates assert that the woman did certain things, but containing no certificate that she acknowledged that she did them.

3. Where the certificate specifies what she did acknowledge, as acts ; and sufficient acts, do not appear to constitute an " executed" deed. Cases, they are, where the certificate affirmatively shows that she did not execute the deed by saying that she acknowledged, she " signed," or " signed and sealed," &c. Here, the important fact of delivery is negatived. It cannot be presumed. But the time used in the certificate to this deed does affirmatively and technically include every requisite of the statute.

We assumed, in our brief, that, admitting obscurity or insufficiency in the acknowledgment, if standing alone it may be construed in connection with her previous general acknowledgment, and the sufficiency of her private acknowledgment determined from the whole certificate. This principle is decided, we find, in *Stone* v. *Montgomery*, 36 Miss. 83 (in sheets). A question was there raised as to the purposes for which the married woman acknowledged. The certificate, on her private examination, contained the words, " and in bar of her dower." It was sought to confine the effect of the deed to that specified end. But the court held that the whole acknowledgment must be taken together; and, as she had acknowledged in the first clause that she had executed the deed " for the uses and purposes therein expressed," that sentence was permitted to control and enlarge the limited construction sought to be

applied to the second clause. "The language of the latter clause must be taken with reference to the preceding clause." Apply the principle to the word "executed" in this case, and the conclusion is palpable.

It would be thought strange if a man· or a lawyer or a judge, whenever he designed to express the completing of a deed, should use the words "sign, seal, and deliver." It would be asked why he did not use the word which meant those acts? In this case, the court use the word in the direct connectioñ used in the certificate. They say : "It is not susceptible of any other construction than that, on the private examination, she acknowledged that she executed the instrument," &c. p. 106. To convince the court that, admitting the fact that she did execute it, it was a void deed, we must refer to the argument of opposite counsel.

HARRIS, J., delivered the opinion of the court.

The plaintiff brought his action of replevin against the defendant to recover possession of a slave. To support his title, plaintiff offered in evidence a deed of trust executed by Davis G. Carter and his wife, Lucinda, to the plaintiff and one Mitchell as trustees. This deed was objected to, on the ground that it had not been proven or acknowledged according to law, so as to entitle it to record, in this, that the wife only acknowledged when examined separately, private and apart from her· husband, that she had *executed* said deed in trust freely, &c., instead of acknowledging that she had signed, sealed, and *delivered* said deed.

This objection was sustained by the court, and the. deed excluded from the jury.

Exceptions were taken and filed to this ruling, and this is the principal error insisted on here for reversal.

The term *executed*, used in this certificate of acknowledgment, imports, both in its general *legal* acceptation, as well as its statutory meaning, as used in the act directing the mode ‚ of proof or acknowledgment of deeds by *femes covert*, not only signing and sealing, but also *delivery*. It embraces every act which the law makes it necessary to do, on the part of the· grantor to perfect the conveyance made by him.

See 1 Bouvier's Law Dict. 494, and our statutes in relation to proof and acknowledgments of deeds, &c.

This assignment of error is, therefore, well taken.

It is next insisted that the court erred in ruling out the answer of Mrs. Carter to the 1st *direct* interrogatory propounded to her, as well as her answer to the 4th *cross* interrogatory, so far as the answers were not *immediately responsive* to the questions. ·

It appears that this deposition of a married lady was taken by consent in the presence of the counsel of the respective parties. No objection was made at the time to the answers on this ground. Each party had a full opportunity of examining the witness as to the matters objected to, and no injury could result from the admission of the testimony, so far as the objection *now* made is concerned. We think it was error to exclude this testimony on the ground stated.

Let the judgment be reversed, cause remanded, and a *venire de novo* awarded.

