ORNE BERNARD et al. *v.* JAMES W. ELDER et al.

1. PLEADINGS IN EJECTMENT — RULE AT COMMON LAW. — At the common law the defendant in an action of ejectment was permitted to make defense upon the terms, that he entered into the " consent rule " and pleaded the general issue. No other plea was admissable.

2. SAME — RULE UNDER THE STATUTE (CODE 1857, p. 386). — The statute in dispensing with the fictions of the common law, still confined the defendant to the plea of " not guilty " under which he might give " in evidence any lawful defense to the action," but if the defendant shall desire to dispute or deny his possession at the commencement of the action, he must do so by special plea, as the plea of the general issue has the effect of an admission that defendant was in possession at the commencement of the action.

3. MARRIED WOMEN — ACKNOWLEDGMENT OF DEEDS — WHAT SUFFICIENT. — The rule generally sanctioned by the courts is, that if the officer taking the acknowledgment discloses a substantial compliance with the law, although the forms and words of the statute are not pursued, it will be good. Russ v. Wingate, 30 Miss., 446; Smith v. Williams, 38 Miss., 48. The mischief which the statute intended to guard against, in requiring a separate examination of the wife, was the undue influence of the husband, which would be implied in his presence. If the wife was separated from the husband although others might be present, she was in a condition to act freely. Love et al. v. Taylor et al., 26 Miss., 574.

4. SAME — CASE IN JUDGMENT. — An acknowledgment showing an examination separate and apart from the husband, and containing the words " fear, threats or compulsion of husband," omitting the words " as her voluntary act and deed," " freely " is good.

ERROR to the Circuit Court of Harrison County. Hon. GREEN C. CHANDLER, Judge.

This is an action of ejectment brought to the November term, 1858.    Plea of not guilty filed November 28, 1858.    Four special pleas were filed May 30, 1860, also six other special pleas, and on the same day, plaintiffs filed a demurrer to all of said special pleas, which was sustained as to the 1st, 3d, 9th, 10th and 11th pleas and overruled as to all the others.    Replications were filed July 6, 1871, to these pleas.    The case was tried on the 11th of July, 1871, and four instructions were given on the part of plaintiffs, and four on the part of defendants (as these instructions were not noticed by the court, they are omitted in this statement).    There was a judgment for defendants.    Plaintiffs moved for a new trial, which was overruled.    The errors assigned are :

1. The court below erred in overruling the plaintiffs' demurrer to the defendants' 2d, 3d, 5th, 6th, 7th and 8th special pleas.

2. The court below erred in giving the instructions asked for by defendant.

3. The court erred in refusing to give the 3d, 4th, 6th and 7th instructions asked for by plaintiff.

4. The court erred in permitting the deed, purporting to have been made by Joseph Ladner and Rosalie Ladner, his wife, to M. Dupas, to be read in evidence.

5. The court erred in permitting the deed from M. Dupas to Didier to be read in evidence.

6. The court erred in permitting the deed from Didier and Viat to J. W. Elder to be read in evidence.

7. The court erred in overruling the motion of plaintiff. for a new trial.

*Champlin & Wood,* for plaintiffs in error, contended :

1. That in an action of ejectment, the only plea allowable is the general issue or "not guilty," and under this plea the defendant might give in evidence any lawful defense to the action.    Code of 1857, p. 386, art. 3.    That the court erred in overruling the demurrer to defendants' pleas, as they set up the statute of limita-

tions of seven years, and at the time the action was brought, there was no statute of seven years in force.

2. That the deed from Ladner and wife to Dumas should not have been admitted in evidence, as there was no sufficient acknowledgment of the deed by Mrs. Ladner, and cite How. & Hutch., Code, p. 347, § 19.

*G. L. Potter*, on the same side, filed an elaborate brief, relying substantially upon the points made and authorities cited in the brief of the other counsels, and insisting that the deed dated August, 1843, did not convey the legal title of Mrs. Ladner, because at that time it was vested in the United States. This deed contains no express covenants, nor does it use the words " grant," bargain, " sell," from which the statute implies covenants. Hence this deed would not operate as an estoppel, even though the grantor was not covert. Pike v. Golvin, 29 Me., 183.

*Harris & George*, for defendant in errors:

The main question in this case is as to the sufficiency of the certificate of acknowledgment. It is certainly untechnically and unskillfully drawn, but such instruments are treated with great indulgence by the courts. The real acknowledgment is generally correct, and it is only the certificate of the officer as to what was done that is sufficient. They are therefore sustained when it can be done by fair legal intendment. See Russ v. Wingate, 30 Miss. R., 440; Luffborough v. Parker, 12 S. & M., 48; Jackson v. Gumaer, 2 Cow., 567; Nantz v. Bailey, 3 Dana, 111; Shaller v. Brand, 6 Binny's R., 438.

In Morse v. Clayton, 13 S. & M., 373, a certificate of the proving of a deed by a subscribing witness, was construed to show, " that the affiant subscribed his name as a witness in presence of the grantor, and that he saw the other subscribing witness subscribe the same in the presence of the grantor," from this statement contained in it: " that the deed was signed, etc. in presence of affiant and in presence of R. E., the other subscribing witness."

The conclusion was drawn from the statement, that affiant and

R. E. were subscribing witnesses, and they meant they attested according to law.

In Smith v. Williams, 38 S. & M., 48, "executed," in the certificate, meant "signed, sealed and delivered;" and in Hall v. Thompson, 1 S. & M., 443, an acknowledgment that "it was his act and deed," was equivalent to that "he signed, sealed and delivered" it. In Lehr v. Doe, 3 S. & M., 470, the person who made the acknowledgment was omitted from the certificate. He was held to be by the statement, "that —— whose name appears to the foregoing deed," acknowledges, etc.

In Lehr v. Taylor, 4 Cushm., 567, "voluntarily," in a certificate of married woman's acknowledgment, was held equivalent to the words, "as her voluntary act and deed, freely," as required by the statute.

In same case, the omission of the words, "private examination," was justified because it was stated "that she was examined separate and apart from her husband." Both phrases are required by the statute to be used, but the court held, that as the sole object to be guarded against was the influence of the husband, it was sufficient to show an examination separate and apart from him.

The objection here is, that it is not shown that she made the deed "as her voluntary act and deed freely." But it is shown that she was examined separate and apart from her husband, and that she acknowledged that she executed the deed "without fear, threats or compulsion from him."

This shows that she acted freely. For if the influence and constraint of the husband are, as described in Love v. Taylor, the things only to be guarded against, and if she acted without such influence or constraint, it is impossible to conceive that she did not act "freely."

The objection that the acknowledgment is in the past tense is frivolous. It is simply bad grammar.

SIMRALL, J., delivered the opinion of the court.

This was an action of ejectment brought by the plaintiffs in error, to recover possession of a parcel of land on the bay of Boboxi.

The defendant pleaded the general issue, and several special pleas, setting up the statute of limitations of seven and ten years (and other matters not necessary to be stated), in bar of the action.

To these pleas there were demurrers. To some of the pleas the demurrers were sustained, and overruled as to others.

These rulings of the circuit court are assigned for error.

At the common law the defendant was permitted to make defense upon the terms that he entered into the consent rule, and pleaded the general issue. No other plea was admissible.

The statute, in dispensing with the fictions which pertained to the common law action, still confined the defendant to the plea of not guilty. Code 1857, p. 386, art. 3, under which he " may give in evidence any lawful defense to the action," except that if the defendant shall desire to dispute or deny his possession at the commencement of the action, he may do so by special plea. See art. 8, p. 387. This modification became necessary because of the 5th art., which made the plea of general issue have the effect of an admission that the defendant was in possession " at the time of the commencement of the action."

The action then, as regulated by statute, admits all defenses under the " plea of not guilty," except the single one of non-possession, which must be made by special plea.

All the matters relied upon in the several special pleas were available under the general issue. Indeed, the statute dispensed with special pleading, with the exception above named. It would have been proper for the court to have ordered these pleas to have been withdrawn from the files, or to have sustained the demurrers to them, as alien to this form of action. It is not necessary therefore to consider their merits, or the decisions of the court upon them.

Both parties claim the *locus in quo*, through Rosalie Ladner ; the

plaintiffs as her heirs at law, the defendant by mesne conveyance from her.

The plaintiffs read in evidence a patent from the United States, dated in 1847, to Angeline Fasiar, embracing the land in controversy, in virtue of a right confirmed under an act of congress of 1819, and proved that their mother, who was dead, was a daughter and one of the heirs of the said Angeline. They also introduced in evidence, a deed, executed by her heirs, in 1842, reciting and confirming a partition of the land descended, which had been made many years before, but the evidence of which had been lost. By this instrument, the premises sued for had been assigned and set off to the said Rosalie, their mother.

Defendants proved by a witness that one Dupas bought the land in controversy from Joseph Ladner and Rosalie his wife; put some small improvement upon it, and occupied it for about eighteen months.

A deed of conveyance from Ladner and wife to Dupas was read in evidence to the jury against the objection of the plaintiffs. Also a deed from Dupas to Didier & Piott, and from them to J. W. Elder, the ancester of the defendants. There was testimony that J. W. Elder took a lease from Didier & Piott in 1850, and held under it for three or four years. Joseph Ladner died in 1846 or 1847. Rosalie, his wife, died in 1856 or 1857.

If the conveyance made by Ladner and wife was valid as to the wife, the plaintiffs have no title, and it becomes unnecessary to consider the various points raised by the assignment of errors. It is not shown in evidence that Ladner and wife, or either of them, or any of the plaintiffs, have ever been in possession of the land, since the date of the conveyance to Dupas. There is testimony that the only use and possession has been in Dupas, and those claiming derivatively from him.

The objection to this deed is a defective acknowledgment by Mrs. Ladner.

The rule has been very generally sanctioned by the courts,

founded as it manifestly is in wisdom, that if the certificate of the officer taking the acknowledgment, discloses a substantial compliance with the law, although the form and words of the statute are not pursued, it will be good.

The duty is committed to a large class of officers, many of whom are, it is well known, illiterate and inexperienced, and to apply to their acts nice and technical criticism, would endanger the title to much property which has been purchased in good faith, and for fair value. The legislature were impressed with the necessity of giving a liberal interpretation to these certificates of acknowledgment. For it prescribes a form to be used by the officer, and declares that any other formula, "of the like effect," shall be equally valid.

They are to be examined in a spirit of liberality and indulgence, and should be sustained when it can be done by fair legal intendment. Russ v. Wingate, 30 Miss., 446, and cases there cited. Smith v. Williams, 38 Miss., 48.

The form of the certificate is as follows, after reciting the personal appearance of the husband before the justice, and his acknowledgment, it continues : "Also Rosalie Ladner, wife of Joseph Ladner, who has been examined separately and apart from her husband, has declared that she has signed, sealed and delivered these presents, without fear, threats or compulsion of her husband," etc. Comparing this with the statute, Hutch. Code, p. 608, sec. 19, it will be noted that the words "private examination," and "as her voluntary act and deed," "freely," are omitted.

Is the certificate, to "the effect of," or of the same import as the requirements of the statute ? The policy and intent of the statute was very maturely considered in the case of Love et al. v. Taylor et al., 26 Miss, 574 and 5. In the first opinion delivered, the court, following the case of Warren v. Brown, 25 Miss., 6. held the acknowledgment of the *feme covert* to be insufficient. But upon a reargument and reconsideration of the point, the case of Warren v. Brown was overruled, and the deed sustained. The

certificate, as in the case before us, omitted the words, " private examination," but contained the word " voluntarily." The judgment of the court was placed upon the ground, that the mischief which the statute intended to guard against, was the undue influence of the husband, which would be implied in his presence. If the wife was separated from him, although others might be present, she was placed in circumstances to act freely. The court say, " That the undue influence of others does not appear to have been contemplated;" nor "that the influence of the husband might be exerted through other persons present at the examination."

The statute proposes to protect the wife against the marital control and influence, as said by the court, " what she is required to acknowledge has reference entirely to her husband, namely, that she acted without fear, threats or compulsion of her husband."

Mrs. Ladner acknowledged that she signed, sealed and delivered the instrument, and that she did so without the fear, threats and compulsion of her husband. This is certified to have occurred separate and apart from him. If the words used, by fair intendment, imply, that her execution of the deed was "voluntary" and " free," the requirements of the law are satisfied. If she acted without constraint and compulsion of her husband, and that was the undue influence which the statute intended to obviate, then enough appears to show that her conduct was free and voluntary. An acknowledgment of freedom from marital control and influence, puts her within the intendment of the statute in the category of a *feme sole.* The words, " without the fear, threats or compulsion of her husband," import that the conveyance has been made unbiased by him.

If the influence of other persons had been in the mind of the legislature, the requirement would have been not only that the examination should be private as to the husband, but also as *to others.* The words, "fear, threats or compulsion of the hus-

band," are used as the antitheses of "free" and "voluntary," specifically directing the magistrate as to the subjects of his examination.

By giving to the statute the literal construction inculcated by its intendment, we think that the acknowledgment of Mrs. Ladner is substantially good, and the deed to Dupas passed her estate.

The judgment is therefore affirmed.