## J. M. BUNTYN *v.* SHIPPERS' COMPRESS CO. ET AL.

1. MECHANIC'S LIEN. *Suit to enforce. Parties to action.*
   In a suit to enforce a mechanic's lien, all persons claiming liens on the property sought to be subjected must be made parties. And if another suit to enforce a mechanic's lien on the same property be already pending, and the petitioner in such first suit be not made a party defendant in the second suit, then his rights are unaffected by a sale under a judgment obtained in the latter suit.

2. SAME. *Subsequent incumbrance. Conflict of claims.*
   In a suit to enforce a mechanic's lien on a structure, for materials furnished therefor and work done thereon, it is no answer to the petition for the defendant to say that he has acquired a title to the property sought to be subjected by virtue of a sale under a deed of trust executed by the owners of the property since the institution of the suit.

3. SAME. *Right to enforce subject to paramount lien.*
   Where A has a prior lien on property under a deed of trust and B has a mechanic's lien on the same property B is entitled to enforce his lien by a sale of the property, subject to the paramount lien of A.

4. DEED. *Certificate of acknowledgment. What to contain.*
   A certificate of acknowledgment to a deed which fails to show that the grantor acknowledges that he "delivered" it, is not such a certificate as will entitle the instrument to be recorded, and therefore the deed does not affect third persons having no actual notice of its existence.

5. SAME. *Acknowledgment. Description of officer. Surplusage.*
   Where a certificate of acknowledgment to a deed shows that the officer who made it was both a justice of the peace and a notary public, the description of him in the latter capacity may be rejected as surplusage, if at the time of taking the acknowledgment he was authorized to do so as a justice of the peace and not as a notary public.

APPEAL from the Circuit Court of Lauderdale County.

HON. S. H. TERRAL, Judge.

On December 2, 1882, J. M. Buntyn filed in the Circuit Court of Lauderdale County a petition against the "Shippers' Compress Company" to subject their "compress works" to his mechanic's lien for materials furnished for the construction thereof and work done thereon during the months of September, October, and November, 1882. On January 22, 1884, J. S. Solomon, on his own application, was made a party defendant to this petition, and thereupon filed three pleas, in substance as follows:

1. That on the 26th day of July, 1883, Williams & Briggs and A. McMillan brought a joint suit to enforce a mechanic's lien against this same property, obtained judgment in due course, and under this judgment the property was sold by the sheriff in accordance with law, on the 18th day of October, 1884, and bought in by him, the said Solomon.

2. That the property sought to be subjected to plaintiff's mechanic's lien had never belonged to the "Shippers' Compress Company," but belonged to Mary I. and R. G. Reading, who on the 27th day of January, 1883, executed a deed of trust thereon to John W. Fewell, as trustee, to secure a debt due by them to one J. B. George, and that this property was sold under this deed of trust and bought in by him, the said Solomon.

3. That Mary I. and R. G. Reading purchased the compress, boilers, engine, machinery, pipes, and appurtenances of the Compress Company hereby sought to be subjected to plaintiff's claim from Duncan T. Parker and Moses Warren, on the 21st day of August, 1882, giving therefor at the same time their note for one thousand dollars, secured by a deed of trust on the property so sold; and that on the 10th day of May, 1883, this deed of trust was assigned to him, the said Solomon.

The plaintiff, Buntyn, replied:

1. To the first plea, that his suit was instituted prior to the suit of Williams & Briggs and McMillan, and that they well knew of his claim, but that they never made him a party to their suit.

2. To the second plea, that this, the plaintiff's suit to enforce his mechanic's lien, was instituted on the 2d day of December, 1882, which was long prior to the execution of the deed of trust set up in defendant's second plea, it having been executed on the 27th of January, 1883.

3. To the third plea, that the deed of trust therein mentioned, through which defendant, Solomon, claims title, was given on property that belonged solely to Mary I. Reading, and that R. G. Reading simply joined for conformity, and that the certificate of acknowledgment of Mary I. Reading was not such as is required by law.     This certificate was as follows :

" Personally appeared before me, William S. Patton, a justice of the peace and notary public of the county of Lauderdale and State of Mississippi, Mrs. Mary Isabella Reading, who acknowledged that she signed the foregoing instrument of writing as her own act.

" Witness my hand and seal this 20th day of August, A. D. 1882.                              " WM. S. PATTON, [SEAL.]
                          " *Justice of the Peace and Notary Public.*"

To this was affixed the officer's seal as a notary public.

The defendant demurred to all three of the replications.     The court overruled the demurrers to the first and second replications and sustained the demurrer to the third, and on this rendered judgment final for the defendant.     The plaintiff appealed.

*Woods & McIntosh,* for the appellant.

1. The two first pleas of defendant set up pretended liens in favor of Solomon, growing out of his acquirement of the property under the judgment of Williams & Briggs against the Shippers' Compress, and because of his, Solomon's, title acquired by purchase at the trust sale of John B. George.     But both of these liens were by the judgment of the court below held inferior to that of Buntyn, the petitioner; and to this judgment of the court below there is no complaint.

2. The mortgage itself from Reading and Mrs. Reading is so fatally defective in its execution and acknowledgment as to be void.

It is admitted that Mrs. Reading was the owner in her separate right of the property embraced in the Parker and Waring mortgage, and that R. G. Reading was her husband, and only joined for the sake of conformity. This mortgage was acknowledged by Mrs. Reading in the city of Meridian, in this State, before a notary public, and the certificate and notarial seal of that officer is appended to her acknowledgment. This was absolutely without authority of law, since the first statute of the State of Mississippi authorizing the taking of acknowledgments to deeds, etc., by notaries public was passed in 1884, whereas this deed was acknowledged before the notary in August, 1882. Besides, the certificate of the officer is wholly defective. It does not recite that she *signed* and *delivered* the instrument as her deed on the day of its date, etc., but says she acknowledged that she *signed* it as her act.

3. It is manifest that the defendant Solomon's first and second pleas being stricken out by demurrer or motion, Buntyn was entitled to have a lien and judgment declared in his favor on and against all the property, except that embraced in the Parker and Waring mortgage. This is too plain to be seriously disputed. See Phillips on Mechanics' Liens 342, 343; *Ottly* v. *Haviland,* 30 Miss. 19; *McLaughlin* v. *Green,* 48 Miss. 202; *Ivey* v. *White,* 50 Miss. 142; *McAllister* v. *Clopton,* 51 Miss. 257.

*John W. Fewell,* for the appellees.

1. The liens of petitioner and of McMillan and Williams & Briggs were concurrent, under and by the terms of the statute. Their suits were pending in the same court at the same time. The suits of Williams & Briggs and McMillan had ripened into judgment, and the property had been sold thereunder and purchased by the defendant, Solomon, and the plaintiff, whose suit was instituted before that of Williams & Briggs and McMillan, cannot subject this property so sold under the judgment of Williams & Briggs and McMillan. It was just as much the duty of Buntyn to make McMillan and Williams & Briggs parties to his petition, which was first filed, as it was the duty of McMillan and Williams & Briggs to make Buntyn a party to their petitions.

2. The defense set up in the second plea was perfectly good, as

it showed a sale and purchase under a deed of trust made by Reading and wife at a time when they were the owners of the property, and as it further shows that the Shippers' Compress Company never had any title whatsoever to the property.

3. The lien set out in the third plea was taken for the very purchase-money of the property. It was a lien acquired by virtue of the same act by which Reading and wife became the owners of the property, and that lien, taken on the 21st day of August, was duly recorded in Lauderdale County on the 8th day of September, *before the plaintiff did a lick of work or furnished a piece of material upon which he claims a lien.*

CAMPBELL, J., delivered the opinion of the court.

The title acquired by Solomon by his purchase at the sale under the execution in favor of McMillan and Williams & Briggs was with the burden of the lien in favor of the appellant, whose suit to enforce his lien was pending when the suit of McMillan *et al.* was instituted. As the appellant was not a party to the latter suit, he was not affected by the judgment and sale under it. The law requires all persons claiming liens on the same property to be made parties to a suit to enforce a mechanic's lien, and any lienor not thus made a party is unaffected by proceedings in a cause to which he is a stranger.

The second plea of Solomon avers that he acquired title under a sale by virtue of the power in a deed of trust executed January 27, 1883, by the then owners of the property sought to be subjected to the lien of the appellant, and that the Shippers' Compress Company, by virtue of a contract with which the lien is asserted, never had any title to said property. This is not an answer to the demand of the plaintiff for the enforcement of a lien on the materials furnished by him, and any structure made by his materials and labor. It is impossible that the grantors in the deed of trust, under which Solomon claims title by this plea, should have been the owners of the bricks and other materials furnished by the plaintiff, and the structure made by him as against his lien, asserted by the suit he then had pending.

The third plea; if true, shows only that Solomon, as assignee, has a lien claim on the property embraced in the deed of trust therein set forth paramount to the lien of the plaintiff, who is entitled to enforce his lien by a sale of the property subject to the paramount claim of Solomon. As to the property subject to the lien of the plaintiff, and not embraced in the deed of trust, the plaintiff has the right unaffected by the deed of trust. But the deed of trust is unavailing to defeat the claim of the plaintiff, who had no actual notice of it, and was not affected by its being of record, because of the insufficiency of the certificate of acknowledgment by Mrs. Reading, the owner of the property, to entitle it to be recorded. The certificate is that she acknowledged that she *signed* the instrument, and does not show that she acknowledged that she had *delivered* it.

The other objection to the certificate is untenable. It shows the certifier to be a justice of the peace and notary public. He had the right to take and certify acknowledgments in his character of justice of the peace, and the description of himself as a notary public and his notarial seal may be rejected.

Without passing specifically on the several rulings of the court below, we have announced our views on the questions litigated between the parties, and reverse the judgment, and remand the case for a new trial.