JOHN HARVEY THOMPSON, TRUSTEE, *v.* FIRST NATIONAL BANK.

| 85 | 261 |
|----|-----|
| 87 | 541 |

1. PARTIES. *Right to sue in representative capacity.* Denial. *Code* 1892, § 1797.

  A denial in an unsworn answer that the complainant, suing as trustee in bankruptcy, was legally appointed trustee, does not require the complainant to prove his appointment, under Code 1892, § 1797, relieving parties suing in a representative capacity from proving the character in which they sue, unless such character is specially denied under oath; nor will defendant in such case be permitted to predicate a defense of evidence negativing complainant's character.

2. SUPREME COURT PRACTICE.

  Where a suit was erroneously dismissed in the court below solely on the ground that plaintiff was not entitled to sue in the representative capacity in which he brought the suit, the supreme court will not affirm on the ground that the result was correct on the merits.

FROM the chancery court of, first district, Hinds county.

HON. ROBERT B. MAYES, Chancellor.

Thompson, the appellant, suing as trustee in bankruptcy, was the complainant, and the First National Bank, appellee, defendant in the court below. From a decree in defendant's favor

the complainant appealed to the supreme court. The opinion sufficiently states the facts. [The case was heretofore in the supreme court, and is reported—*Thompson* v. *First National Bank,* 84 Miss., 54.]

*Watkins & Easterling,* and *Brame & Brame,* for appellant.

Was the representative character of Thompson, trustee of the estate of R. S. Barman, bankrupt, put in issue by the pleadings in this case? It is denied in the answer that Thompson is the trustee of the estate of R. S. Barman, but the answer is not sworn to. The oath of Carter, president of the bank, is confined to the matters of discovery contained in his answer.

The representative capacity of Thompson, trustee, was admitted, his character not having been denied under oath, as provided in § 1797, Code 1892; and to that end we invite the court to a review of the decisions of this tribunal upon that statute, a statute which appears to have been in our code in more or less varied forms for nearly three-quarters of a century. *Woolen Mills* v. *Rollins,* 75 Miss., 253; *Reed* v. *Railroad Co.,* 4 How., (Miss.), 262; *Vicksburg, etc., Co.* v. *Washington,* 9 Smed. & M., 536; *Hemphill* v. *Bank of Alabama,* 6 Smed. & M., 48; *Moore* v. *Anderson,* 3 Smed. & M., 324; *Beard* v. *Griffin,* 10 Smed. & M., 589; *Anderson* v. *Leyland,* 46 Miss., 295; *Hope* v. *Hurt,* 59 Miss., 178; *Moore* v. *Knox,* 46 Miss., 602; *Railroad Co.* v. *Anderson,* 51 Miss., 830.

We have now given the court every case in our books bearing upon this statute, and we give the following as being in our judgment the law arising from the statute and the adjudications thereunder: That a bill to which a single answer of denial is filed puts in issue every right of the complainant to recover except his representative capacity; and if this would be put in issue, his representative capacity must be denied under oath. It is true that the complainant must have title, but if he sues in a representative capacity, and the only thing which the court

finds which would prevent his title in such capacity from being perfect is some defect in his qualification of appointment to such capacity, then he is vested with title unless his representative capacity is denied under oath. In other words, the crucial test is this: Does the complainant's failure to get title result from a failure on his part to do all those acts or have done all those acts necessary to clothe him with his representative capacity? If that is true, and his representative capacity is not denied under oath, it is then admitted; and that being the only thing which prevents him from becoming vested with title to the chose in action (that being admitted), it follows as a matter of course that he did acquire title to the asset in question.

The appellees, however, recognizing that the chancellor's opinion in holding that the answer was sworn to for all purposes is perfectly untenable, have completely abandoned it, and now say that, the whole record being before the chancellor, if it appeared from the whole record that Thompson was not the trustee, then Thompson got no title to the chose in action in question. Now let us examine that just a minute.

Thompson was either the trustee or he was not the trustee of the estate of R. S. Barman. If he was trustee, of necessity there had been a valid adjudication, and all steps preceding his appointment were valid. In other words, the admission of his representative capacity carried with it the admission of all steps leading to his qualification as such trustee. If he was the trustee and is the trustee, he is clothed with title to the assets and is entitled to bring the suit, and, under the chancellor's opinion, is entitled to recover.

We respectfully submit that the chancellor having decided that Thompson, trustee, would have been entitled to recover had he been properly appointed trustee, and it being admitted that he was the trustee, the chancellor was wrong in dismissing the bill, although without prejudice, and, being wrong upon that point, this court should enter a decree for the complainant.

*Green & Green,* for appellee.

There was no jurisdiction in the district court of the United States to adjudge Barman an involuntary bankrupt, and the attempt so to do was void.

Under the uniform rule there must be jurisdiction in the court to render the judgment; it must have jurisdiction of the person and the thing. We admit that this court had ample powers in bankruptcy in a proper case, but before it could exercise the same, it was essential to acquire jurisdiction over the person of the alleged bankrupt, and until and unless it did, its adjudications were void, and could be disregarded at pleasure whenever and wherever they came into question. *Whitney* v. *Bank,* 71 Miss., 1017; *Davis* v. *Cass,* 72 Miss., 985; *Swain* v. *Gilder,* 61 Miss., 667; *Stampley* v. *King,* 51 Miss., 728.

It was contended that because this was the judgment of the federal court it could not be attacked collaterally. This arises from a misconception of our position. There is no difference arising from the fact that the judgment was in the federal court. There is neither kind nor degrees in voidness; they are all on a par; one is as void as the other; and the mere fact that this is a void federal court judgment confers no special rights on those claiming under it. All such bind no one, and are conclusive of nothing. This very question was made in the case of *McPike* v. *Wells,* 54 Miss., 136, and there conclusively settled in favor of the appellee.

Admitting that there was error in the decree of the chancellor in holding that Thompson had no title, still on the merits the right result was reached, and the decree should be affirmed, as the whole case is now before this court.

As held in *Adams* v. *R. R. Co.,* 81 Miss., 90: "On appeal the appellant is restricted to an examination of the errors contained in the assignment of errors. No such restriction rests on the appellee, the distinction being between a party seeking to reverse a judgment and a party resisting the attempt." See also *Thompson* v. *Bank,* 84 Miss., 54 (s.c., 36 South. Rep., 65).

Under the law of this case it was essential for the appellant to show, by a preponderance of the evidence, that the transfer complained of was made by Barman with intent to give the bank a preference over the other creditors of the same class, and that the bank had reasonable cause to believe it was given with such intent, and that Barman was insolvent, and that the amount that the bank received was a greater per cent than that which the other creditors in the same class would have received. The appellant failed to make this proof: (1) No proof that Carter, who conducted this whole transaction, had any reasonable cause to believe that a preference was intended to be given. (2) There was no preference in that there was no proof that the makers of the firm note were insolvent and that their creditors would. not receive the same amount as other creditors in the same class with the bank.

\*Mayes, S. J., delivered the opinion of the court.

This case was heard in the chancery court on the pleadings and the evidence. In the course of the trial the bank, the defendant below, offered in evidence the files of the United States district court in the matter of the bankruptcy of R. S. Barman for the purpose of showing that, because of certain defects in that proceeding, the complainant was not in fact trustee of Barman's estate, his appointment being alleged to be void. The appellant objected to the introduction of those files, for the reason that no plea or answer had been made in the cause, specially denying, under oath, his character as such trustee, as required by § 1797, Code 1892. The court, however, allowed the record to be introduced, and, holding that the appointment of the appellant as trustee was void, dismissed the bill. The material language of the decree is as follows: "It appearing to the court that said complainant herein has no right or title to maintain this cause, and no title to the debt sued for herein, and that this cause should be dismissed on this ground alone,

---

\* Judge Calhoon, being disqualified in this case, recused himself, and Edward Mayes, Esq., a member of the Supreme Court bar, was appointed and presided in his place.

and without prejudice to the right of any subsequent trustee of
R. S. Barman to sue," it was therefore decreed that "said cause
be, and the same is hereby, dismissed on the ground that said
complainant has no right to maintain the same, and has no title
to the debt sued for herein and hereby sought to be recovered,
but without prejudice to the right of any subsequent trustee of
said R. S. Barman to sue therefor." The appellee maintains
that the statute was complied with. The answer does explicitly
allege that the appointment of appellant as trustee by the bank-
rupt court was without jurisdiction and void, and denies that he
is trustee; but the affidavit to the answer was made by S. S.
Carter, president of the bank, and the material part of it runs
as follows: That he is "the proper person, as well as duly author-
ized, to swear to the discovery given in answer to the interrog-
atories contained in said bill, and, further, that the matters
stated in said discovery as of his knowledge are true of his own
personal knowledge, and those things stated on information and
belief in said discovery he personally believes to be true upon
his own personal information and belief." It will thus be seen
that the affidavit to this answer is by its terms carefully restrict-
ed to those allegations which are made in response to the prayers
for discovery. It is not an affidavit averring the truth of all
of the allegations contained in the answer; much less is it an
affidavit which specially challenges the character in which the
plaintiff sues. Such an issue is studiously excluded by the lan-
guage of the affidavit, because the representative character of
the plaintiff, as set forth in the bill, is clearly not of those mat-
ters of discovery sought by the bill. The statute provides that it
shall not be necessary in "any case" to prove the description of
character set forth in the pleadings, unless the same be specially
denied by plea verified by oath. This statute is not met unless
the pleadings are in such shape that the description of character
is specially challenged under oath. In *Thornton* v. *Alliston,*
12 Smed. & M., 124, it was held that a plea of *non assumpsit,*
sworn to generally, was not sufficient to raise an issue under

this statute, and the court said: "It is apparent that the intention of the statute—especially that of 1836—was to require from the defendant a specification of the nature of the proof required from the plaintiff, whether as to the execution of the writing, its signature, or the description of character to be denied upon the trial." In this case the affidavit is not even broad enough to cover the averments of the answer generally, but it is carefully restricted to certain features of the answer, which do not present an issue as to the complainant's representative character.

The appellee claims further that even if the affidavit was not sufficient under the statute, the decree of the court below was still correct, and for the reason that the defendant assumed the burden of proof, and affirmatively showed by the record of the bankrupt court that the complainant was not trustee. It is contended that the decree rendered was not because of the failure of the complainant to prove his trusteeship in the first instance, but because of the fact that defendant disproved it. In short, the contention is that the effect of the statute is merely to change the burden of proof. But we consider the statute to have a broader effect. In its essential substance it is one about pleadings. Its declaration is that "it shall not be necessary in any case to prove . . . the description of character . . . which may be set forth in the pleadings, unless the same be specially denied by plea, verified by oath." If in the trial of a cause the defendant is allowed, merely by assuming the burden of proof and making out a *prima facie* case of non-existence of the description of character, to impose on the plaintiff or complainant an adverse judgment unless he meets that *prima facie* case by showing the existence of the representative character, then a case has occurred in which the plaintiff is put upon the proof of such a description of character, and it is done in the absence of a "special" denial by plea verified by oath. The use of the word "specially" in the law cannot be ignored, or its observance avoided. The statute declares that he shall not be

called upon to make such proof "in any case," except by a special denial under oath. If the practice claimed here were permissible, the plaintiff is exposed to be unduly surprised, or else he must be prepared for such tactics; and the wise and salutary provision of the statute would be, to a great extent, defeated. The representative character of the complainant is not put in issue, except in the manner prescribed by the statute, and, not being put in issue, the defendant cannot assail it.

We do not overlook the suggestion of the appellee that, although the court below may have erred in the matters considered above, yet still the general result of the decree was correct, because, as contended, the whole case was before the court, and the appellee was entitled to a decree on the merits, and that for this reason the decree should be affirmed. We do not, however, as to this case, adopt that view. To do so would be, in effect, to exercise an original, and not an appellate, jurisdiction. The decree, as quoted above, expressly provides that the dismissal is only because the plaintiff had no title, because of his want of representative character, and it expressly reserved the right to sue without prejudice by any trustee appointed. It cannot be said, therefore, that this was in any proper sense a decree on the merits. In *Railroad Co.* v. *Adams,* 81 Miss., 90 (32 South. Rep., 937), it was said on p. 107, 81 Miss. (32 South. Rep., 943), that: "An appellate court reviews and revises the judgment of the lower court. If that judgment be only upon the jurisdiction, then that is the only question to be reviewed. If the judgment of the lower court be upon the merits, or upon both the question of jurisdiction and of the merits, then that judgment, in its entirety, is to be reviewed and revised by the appellate court." Where the decree of the lower court, as here, shows expressly that the lower court did not pass on the merits, but dismissed the case on some preliminary or collateral question alone, we do not feel authorized to affirm on the merits. It is not a question here of affirming on the merits a case which was decided on the merits, but where the

Statement of the case.

decision was put on a wrong ground, as was done in *Railroad Co.* v. *Adams, supra.*

Let the decree be reversed and the cause remanded, with leave to the defendant, if desired, so to amend its pleadings as to put the character of the complainant in issue.