BRIDGET ELMSLIE *v.* MARGARET E. THURMAN ET AL.

[40 South. Rep., 67.]

1. VENDOR AND VENDEE. *Purchase money of land. Assignee. Vendor's lien. Code* 1892, § 3503.

The assignee of a claim for the purchase money of land, under Code 1892, § 3503, so providing, may enforce the vendor's lien as the vendor could.

2. SAME. *Deed. Acknowledgment. Signed. Executed. Delivered.*

An acknowledgment to a deed that the grantor "signed" it, failing to state that he "delivered" it, is insufficient, does not entitle the instrument to be recorded, and, if recorded, its record is not constructive notice; but an acknowledgment to a deed that the grantor "executed" it is sufficient, since a deed cannot be "executed" without being delivered.

3. CHANCERY PLEADING AND PRACTICE. *Answer not under oath. Code* 1892, § 1797.

Under Code 1892, § 1797, providing that the signature or execution of an instrument sued on need not be proven, unless the same be specially denied by a verified plea, the execution of a deed need not be proven, where the answer denying execution is not sworn to, although the bill to which the answer is filed expressly waives answer under oath.

4. SAME. *Production of deed.*

In a suit by the assignee of purchase-money notes to foreclose the vendor's lien, complainant need not produce the deed on account of which the notes were given, where the execution of the deed is in effect admitted by defendants in their answer.

FROM the chancery court of Washington county.

HON. PERCY BELL, Chancellor.

Mrs. Elmslie, the appellant, was complainant in the court below; Mrs. Thurman and others, the appellees, were defendants there.    From a decree in defendants' favor the complainant appealed to the supreme court.

The complainant, by her bill in chancery, sought to enforce a vendor's lien arising out of a conveyance from James Campbell to H. and J. D. Nichols, the complainant being the assignee of the notes evidencing the purchase money.    On the trial in the court below, the chancellor sustained the objection of the defendants to the introduction of a certified copy of the deed from Campbell to the Nicholses, on the ground that the deed was not properly acknowledged, and therefore not entitled to be recorded, and also excluded the notes which complainant offered in evidence, and dismissed the bill, the instrument on which the suit was based not being produced at the hearing.

*A. J. Rose,* for appellant.

The chancellor, in excluding the certified copy of the deed and the notes sued on, acted on the theory that, as the bill waived answer under oath, it was not incumbent upon the defendant to do more than deny, as she did, on information and belief, the execution of the deed from Campbell to the Nicholses, and that his denial, not under oath, put plaintiff to proof of execution of the deed and notes.    That this view of the chancellor was erroneous is settled in *Wanita Woolen Mills* v. *Rollins,* 75 Miss., 253 (s.c., 22 South. Rep., 819) ; *Kendrick* v. *Kyle,* 78 Miss., 293 (s.c., 38 South Rep., 951) ; *Brown* v. *British, etc., Co.,* 86 Miss., 388 (s.c., 38 South. Rep., 312) ; *Masonic, etc., Association* v. *Simmons,* 86 Miss., 470 (s.c., 38 South. Rep., 791).

The defenses presented were affirmative defenses, and no testimony was introduced to sustain them.    The burden of proof was on defendant as to affirmative matter set up in the answer. *Osborne* v. *Crump,* 57 Miss., 622.

*Percy & Campbell,* for appellees.

Counsel for appellant, in his brief, seems to misapprehend entirely the reason for the objection made to the introduction of the certified copy of the deed, and relies upon the case of *Wanita Woolen Mills* v. *Rollins,* 75 Miss., 253 (s.c., 22 South. Rep., 819), and the subsequent cases approving it, his contention being that appellant was not put upon proof of the execution of the deed, because its execution was not denied in the answer under oath.

This rule seems to be established by the cases cited by him, but it does not affect the principle contended for by us—namely, that it was necessary for him to produce upon the hearing the original deed, or, having accounted for its nonproduction, to prove its contents, or to produce a duly certified copy of the instrument, provided it was properly recorded.

Complainant was not entitled to recover without the production of the notes sued on and of the deed out of which arose the lien which he sought to enforce against the land—and this, independent of the fact that the necessity for proving the genuineness of the deed was obviated by the failure of appellees to deny such genuineness under oath. The statute obviated the necessity, under these circumstances, of proving the genuineness of the deed; but it leaves entirely unaffected the rule of evidence which requires that the deed should be produced at the hearing—and this, whether its execution was denied under oath, or even if the decree was based upon a *pro confesso,* the allegations of the bill not having been denied.

The rule, and the reason of the rule, requiring the production of the document upon which complainant's right to recover is predicated, is elaborately considered in 2 Wigmore on Evidence, sec. 1179, *et seq.* The reason of the rule is, the document should be placed before the tribunal for its personal inspection. *Ib.,* sec. 1185. That production is for the benefit of the tribunal, not the opponent. The authentication of the document—that is, proof

that it was executed as it purports to be—is often dispensed with by statute, where the opponent, failing to traverse its genuineness, is taken as having admitted that fact.     Nevertheless, the rule requiring the production still exists, and must be satisfied. *Ib.*, sec. 1187.

CALHOON, J., delivered the opinion of the court.

This case is improperly styled on the back of the record, and on the docket here; the real defendants below, appellees here, being Mrs. M. E. Thurman, R. Lee Thurman, and J. D. Nichols. The apparent first-named appellee of the docket style, Jesse N. Thurman, nowhere appears in the record.

As assignee of purchase-money notes, appellant sought by his bill to enforce the vendor's lien on land to pay them.     She is clearly entitled to a decree of sale unless appellees are right on the solitary contention they make, which will be presently stated. Her bill avers the conveyance of the land by her assignor and the relation of defendants to it, makes proper averments as to the notes, etc., has an appropriate prayer for answer, but waives oath to the answer.     Accordingly, the answer is not sworn to, but denies the execution of the deed of conveyance.     Appellant offered a transcript of it from the chancery clerk's office, certified by the clerk; but the acknowledgment is that the grantor "signed the foregoing deed for the purposes therein set forth as and for his voluntary act and deed," omitting that he delivered it, and the court sustained an objection to this certified transcript as evidence.     It has been held by the supreme court of this state that this omission in an acknowledgment is fatal, does not entitle the instrument to be recorded, and that its being recorded is not constructive notice.     *Buntyn* v. *Shippers', etc.,* 63 Miss., 94. We follow this, and do not stop to draw the distinction between it and *Hall* v. *Thompson,* 1 Smed. & M., 443.     So it follows that, if appellant was under the necessity to produce the deed at all under the pleadings, the decree was right, and if not, it was erroneous.

If the certificate of acknowledgment had been simply that he "executed" the instrument, it seems that would imply that he "signed, sealed, and delivered" it, since a deed could not be said to be "executed" without compliance with the terms of the statute as it then was. *Smith* v. *Williams,* 38 Miss., 48-56. The people who take acknowledgments are not generally learned in the law, and the intendments of the scope of terms are liberal. Now, under Code 1892, § 1797, it is provided that, where an instrument is sued on, it shall not be necessary to prove "the signature or execution thereof unless the same be specially denied by a plea, verified by the oath of the party pleading the same." The waiving in the bill of oath to the answer does not dispense with or affect this requirement in any way. *Wanita, etc.,* v. *Rollins,* 75 Miss., 253 (22 South. Rep., 819); *Thompson* v. *Bank,* 85 Miss., 261 (37 South. Rep., 645). It follows that the conveyance in the case before us must be presumed to have been delivered, and we have nothing else for consideration, except the contention that there could be no recovery because the instrument was not produced in court. It is true as a general rule that notes, and any mortgage sought to be foreclosed, must be produced, they being presumed to be in plaintiff's possession, or their absence explained. *Vickery* v. *Rester,* 4 How., 293.

But all the cases are where the instruments are properly in the possession of the plaintiff, the object being to protect defendant by restoring them to him or by their cancellation. Here there is no purpose to cancel, but merely to enforce a vendor's lien by the sale of land in the possession of defendants, on a conveyance admitted by them, as the legal effect of their pleading, or lack of pleading, to have been executed—that is, signed and delivered— to them or their ancestor. Under the old system they could not have demanded oyer of it without showing that complainant had it, and complainant need not make profert of what he did not have, and complainant need not give notice to defendant to produce his own muniment of title, which he has in his own

hands, and the execution of which to him 'he admits.     2 Wigmore on Evidence, bottom p. 1387;  *Id.,* sec. 1199.     It would be impossibe that defendants could be hurt by the nonproduction. They produced no evidence whatever.     They cannot hold the land and escape payment.

*Reversed, and decree here 'for complainant, but remanded, with direction to the court below to have the amount due on the notes ascertained and to decree sale of the land to pay them according to the prayer of the bill.*

WHITFIELD, C. J., delivered the following specially concurring opinion:

I concur specially on the ground that the appellees, who are in possession of the land, cannot keep the land and refuse payment.