## SMITH *v.* MCINTOSH.

(Division A. Nov. 2, 1936.)

[170 So. 303. No. 32335.]

Gex & Gex and O. J. Dedeaux, of Gulfport, for appellant.

**W. T. Moore,** of Gulfport, for appellee.

Cook, J., delivered the opinion of the court.

On the 25th day of May, 1935, W. H. White executed

a warranty deed conveying to the appellant, S. L. Smith, certain lots in the city of Gulfport. This deed recited a cash consideration of fifty dollars, and was acknowledged before J. W. Savage, United States commissioner for the Southern District of Mississippi, and was filed for record on the same day that it was executed. Three days later, for a valuable consideration, the said W. H. White conveyed the same lots to the appellee, L. K. McIntosh, by warranty deed acknowledged before a notary public; and this deed was duly filed for record.

On February 10, 1936, the appellant filed a bill of complaint, alleging ownership of the said lots by virtue of a deed of May 25, 1935, and praying for the cancellation of the later deed executed on May 28, 1935, as a cloud on his title. In his answer to the bill of complaint, appellee denied that he had actual knowledge of the prior deed when he purchased the said lots, and charged that the record of the prior deed, acknowledged before the United States commissioner, did not constitute constructive notice of said deed.

The cause was submitted to the court on an agreed statement of facts under which the only question presented for decision was, whether or not deeds acknowledged before the United States commissioners and admitted to record in this state constitute constructive notice to creditors and subsequent purchasers for a valuable consideration; and that is the only question presented on this appeal.

Section 2135, Code 1930, provides that instruments conveying land shall not be admitted to record in the clerk's office unless the execution thereof be first acknowledged or proved, and the acknowledgment or proof duly certified by an officer competent to take the same in the manner directed by law; and that any such instrument which is admitted to record without such acknowledgment or proof shall not be notice to creditors or subsequent purchasers for a valuable consideration.

The only officers competent to take and certify ac-

knowledgments which will admit instruments to record in this state, are those expressly designated by section 2136, Code 1930, which reads as follows: "Every conveyance, contract, or agreement proper to be recorded, may be acknowledged or proved before any judge of a United States court, any judge of the Supreme Court, any judge of the circuit court, or any chancellor, or any judge of the county court, or before any clerk of a court of record or notary public, who shall certify such acknowledgment or proof under the seal of his office, or before any justice of the peace, or police justice, or mayor of any city, town, or village, or member of the board of supervisors, whether the property conveyed be within his county or not."

The federal statutes conferring authority upon United States commissioners to take acknowledgments generally, and decisions of federal courts recognizing such authority, are cited; but we must look to our state statutes to determine what officers are competent to take and certify acknowledgments which entitle instruments to be admitted to record so as to constitute notice to creditors or subsequent purchasers. The only United States officers mentioned in section 2136, Code 1930, as being competent to take and certify acknowledgments of instruments proper to be recorded in this state are judges of United States courts; and, unless United States commissioners can be classified as such judges, they have no authority to take such acknowledgments as would entitle instruments to be recorded in this state. In Chin Bak Kan v. United States, 186 U. S. 193, 22 S. Ct. 89, 46 L. Ed. 1121, it was held that a United States commissioner is a mere quasi judicial officer acting judicially in the discharge of his statutory authority, while in United States v. Allred, 155 U. S. 591, 15 S. Ct. 231, 233, 39 L. Ed. 273, it was said that such commissioners "have always been considered in the same light as masters in chancery and registers in bankruptcy, and subject to its [the court's] supervision and control."

In the case of In re Sing Tuck et al. (C. C.), 126 F. 386, 397, the court said: "A United States commissioner is neither a court nor the judge of any court, nor is he vested by law with any part of the judicial power of the United States, for the judicial power is vested in the Supreme Court and 'such inferior courts as the Congress may from time to time ordain and establish,' and cannot be vested in a commissioner, who is neither made a court, nor empowered to hold a court in the constitutional sense. True, he is an inferior officer of the court, appointed by it by authority of Congress, with defined and circumscribed powers, but no part of the judicial power of the United States is vested in him, nor can it be."

Upon grounds not involving the above quotation, this case was reversed by the Circuit Court of Appeals, Second Circuit, 128 F. 592, and the latter court was reversed by the United States Supreme Court in 194 U. S. 161, 24 S. Ct. 621, 48 L. Ed. 917.

It thus appears to us that a United States commissioner is not a judge of a United States court within the meaning of the term "any judge of the United States court" as used in section 2136, Code 1930, and that the deed acknowledged before a United States commissioner was not entitled to be admitted to record in the clerk's office; and, having been admitted to record without proper acknowledgment, it did not constitute constructive notice to subsequent purchasers for a valuable consideration. The decree of the court below will therefore be affirmed.

Affirmed.