An order will be entered contemporaneously herewith.

**In re CUMBERLAND MANAGEMENT GROUP, INC. (a Mississippi Corporation), Debtor.**

**Grand Oaks, Inc., Plaintiff,**

v.

**Cumberland Management Group, Inc. (a Mississippi Corporation), Cumberland Management Group, Inc. (a New York Corporation), William R. Pollard and Mardyth Pollard, Defendants.**

**Cumberland Management Group, Inc. (Mississippi) and William R. Pollard, Counter–Claimants,**

v.

**Grand Oaks, Inc., Counter–Defendant.**

**No. 00–1072.**

United States Bankruptcy Court, N.D. Mississippi.

Dec. 28, 2000.

Oxford, MS, J. Walter Newman, IV, Jackson, MS, for defendants.

A.W. Anderson, Memphis, TN, pro se.

Jerry L. Hollingsworth, Memphis, TN, pro se.

Shelby D. Goza, Oxford, MS, for plaintiff.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court are the following, to-wit:

1. Motion for partial summary judgment filed by the plaintiff, Grand Oaks, Inc., (Grand Oaks).

2. Motion for partial summary judgment filed by Cumberland Management Group, Inc., a Mississippi corporation (CMG).

3. Motion to strike affidavit and deposition testimony, pursuant to Rule 32, Federal Rules of Civil Procedure, filed by Mardyth Pollard (Mrs. Pollard).

Appropriate responses were filed to each of the aforesaid pleadings, and the court, having heard and considered same, hereby finds as follows, to-wit:

### I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This adversary is predominantly a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (B), (C), (H), and (O).

### II.

Kenneth H. Coghlan, Walter Alan Davis, J. Hale Freeland, Andrew K. Howorth, Grand Oaks has sought partial summary judgment on the following claims, to-wit:

1. Reformation of the deed and contract conveying the golf course parking lot to CMG pursuant to a unilateral mistake theory (Count VI of the Third Amended Complaint).

2. Reformation of the deeds, conveying the five (5) acre parcel to William R. Pollard and wife, Mardyth Pollard (Pollards), and area 3B to CMG, pursuant to a mutual mistake theory (Count VI of the Third Amended Complaint.)

3. Creation of easements by implication across the five (5) acre parcel, as well as, area 3B (Count V of the Third Amended Complaint).

As noted above, CMG filed a response to the Grand Oaks motion for partial summary judgment, and, thereafter, filed its own motion for summary judgment as to the following claims:

1. The mistake theories (Count VI of the Third Amended Complaint).

2. The remedies of reformation or rescission.

3. The fraud claims insofar as they relate to promises of future performance (Count II of the Third Amended Complaint).

4. The breach of contract claims which pertain to the transfer of real property not supported by any written document, promises which allegedly lack consideration or are affected by a "judicial admission," and contracts which are unenforceable under the doctrine of accord and satisfaction (Count III of the Third Amended Complaint).

5. The remedy of specific performance.

6. The easement claims (Count V of the Third Amended Complaint).

7. The judicial foreclosure claim (Count X of the Third Amended Complaint).

CMG also seeks summary judgment on its own breach of contract counter-claims.

Mrs. Pollard has filed a motion to strike the deposition and affidavit testimony relied upon by Grand Oaks in its motion for partial summary judgment pursuant to Rule 32, Federal Rules of Civil Procedure. Mrs. Pollard contends that this testimony cannot be used against her since she was not a party to this cause of action when the testimony was obtained.

### III.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.,* 812 F.2d 265 (5th Cir.1987); *Putman v. Insurance Co. of North America,* 673 F.Supp. 171 (N.D.Miss.1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.,* 828 F.2d 291 (5th Cir.1987), *Putman v. Insurance Co. of North America,* 673 F.Supp. 171 (N.D.Miss.1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." *Phillips,* 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit

under the governing substantive law." *Phillips,* 812 F.2d at 272.

## IV.

■ Both of the motions for summary judgment are premised on essentially the same legal concepts even though they seek diametrically opposite results. These concepts, set forth below, encompass the specific theories and claims for relief noted in paragraph II hereinabove, to-wit:

1. Mutual mistake.

2. Unilateral mistake coupled with fraud or inequitable conduct.

3. Scrivener's error.

4. Ratification.

5. Explanations for the acts of ratification.

The court has seen probative factual evidence that Grand Oaks could perhaps establish a prima facie case based on the theory of mutual mistake, as well as, the theory of unilateral mistake. At this point, no evidence has been developed to establish the scrivener's error theory. However, there is a possibility that this could occur depending on the testimony that might be elicited from attorney Carolyn Kessinger, who prepared the pertinent documents.

The court would hasten to mention that it has also seen probative evidence indicating that the factual underpinnings of the mutual mistake theory and the unilateral mistake theory have been ratified by Grand Oaks.

Finally, there is also evidence reflecting that Grand Oaks can provide a reasonable explanation for the acts that might otherwise be considered as ratification.

■ As such, there are three tiers to these scenarios of recovery, all of which are fraught with genuine, material factual disputes. Consequently, with the excep-

tion of the issue to be addressed subsequently, both motions for summary judgment must be overruled. In doing so, this court notes that it has the discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact. *Kunin v. Feofanov,* 69 F.3d 59, 61 (5th Cir.1995); *Black v. J.I. Case Co.,* 22 F.3d 568, 572 (5th Cir.1994); *Veillon v. Exploration Servs., Inc.,* 876 F.2d 1197, 1200 (5th Cir.1989).

## V.

■ The one issue that can be resolved through summary judgment is the efficacy of the deed of trust which was executed by CMG in favor of Grand Oaks which encumbers CMG's real property. The designated trustee in the deed of trust, Carolyn C. Kessinger, also acknowledged the deed of trust.

■ In *Metropolitan National Bank v. United States,* 901 F.2d 1297 (5th Cir. 1990), the court stated as follows:

Under Mississippi law neither a grantee designated by a deed of trust, nor the trustee designated to act for the grantee, can properly acknowledge a deed of trust.

*Metropolitan National Bank,* 901 F.2d at 1302.

The court further stated:

Because the acknowledgment was void, the deed of trust was not eligible for recordation and, even though the deed was recorded, it nevertheless did not impart constructive notice to creditors under Miss.Code Ann. § 89–3–1. *See also Holden v. Brimage,* 72 Miss. at 229–30, 18 So. at 383; *Wasson v. Connor,* 54 Miss. 351, 352–53 (1877) (where grantee acknowledged grantor's signature, "[t]he deed never having been legally acknowledged, [it] was, of course,

improperly recorded, and it afforded notice to nobody").

In *Mills v. Damson Oil Corp.*, this court stated that "[i]t **is well settled in Mississippi that constructive notice is not imparted to bona fide purchasers by recording a defectively acknowledged deed.**" 686 F.2d 1096, 1103–04 (citing *Ligon v. Barton*, 88 Miss. 135, 40 So. 555 (1906); *Elmslie v. Thurman*, 87 Miss. 537, 40 So. 67 (1906); *Smith v. McIntosh*, 176 Miss. 725, 170 So. 303 (1936)).

*Id.*

CMG, as the Chapter 11 debtor-in-possession with the powers of a trustee, conveyed by 11 U.S.C. § 1107(a), contends that it can avoid the deed of trust in favor of Grand Oaks pursuant to 11 U.S.C. § 544(a)(3) [1], which provides as follows:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists [and has perfected such transfer].

CMG asserts that the aforementioned section grants to it the hypothetical "avoiding powers" of a bona fide purchaser of real property with a perfected instrument of transfer as of the date of the filing of the bankruptcy petition. As such, CMG contends that it can avoid the lien of the subject deed of trust even though it was the party executing the instrument in favor of Grand Oaks.

Grand Oaks cites the case of *Pyne v. Hartman Paving, Inc. (In re Hartman Paving)*, 745 F.2d 307 (4th Cir.1984), for the proposition that, since CMG was the grantor in the deed of trust, it cannot utilize § 544(a)(3) to avoid the resulting lien. Succinctly stated, Grand Oaks argues that even though the deed of trust is void under state law and should not have been recorded, it is still a valid instrument between CMG and Grand Oaks. Grand Oaks also contends that CMG had actual notice of the content and effect of the deed of trust, and, therefore, is unable to avail itself of the avoidance power granted to a Chapter 11 debtor-in-possession.

This court is not persuaded by the reasoning set forth in the *Hartman Paving* opinion. The statutory language of § 544(a) conveys to a trustee and to a debtor-in-possession the power to avoid any transfer of property of the debtor, such as the deed of trust in question, without regard to any knowledge of the trustee or of any creditor. The avoidance of the lien of the deed of trust is not for the exclusive benefit of CMG, but rather is for the benefit of CMG's bankruptcy estate. Without doubt, if this were a Chapter 7 bankruptcy case, the Chapter 7 trustee could clearly utilize § 544(a)(3) to set aside the Grand Oaks deed of trust with the underlying purpose of distributing the value of the unencumbered property to the creditors of the estate in keeping with the priorities set forth in the Bankruptcy Code.

**1.** Unless specifically noted otherwise, all statutory code sections that follow should be considered as Title 11, U.S. Code.

Every court that has considered the *Hartman Paving* decision has found it to be wrongly decided and has refused to follow its reasoning. *See, e.g., In re Sandy Ridge Oil Co., Inc.*, 807 F.2d 1332, 1335–36 (7th Cir.1986); *In re Iowa–Missouri Realty Co., Inc.*, 86 B.R. 617, 619, 621 (Bankr. W.D.Mo.1988); *In re Boardwalk Development Co., Inc.*, 72 B.R. 152, 155 (Bankr. E.D.N.C.1987); *In re M.S.C., Inc.*, 54 B.R. 650, 653–54 (Bankr.D.S.C.1985); and *In re Matos*, 50 B.R. 742, 744 (N.D.Ala.1985). To the contrary, these courts adopted the dissent in *Hartman Paving*.

For other cases reaching this identical result, *see, In re Greenbelt Coop., Inc.*, 124 B.R. 465 (Bankr.D.Md.1991) (debtor's actual knowledge not imputed to debtor as debtor in possession for § 544 purposes; question is whether avoidance would benefit remaining creditors); *In re Mid–America Petroleum, Inc.*, 83 B.R. 937, 943 (Bankr.N.D.Tex.1988) ("Actual notice of the claim by the debtor prior to becoming the debtor in possession is irrelevant.") (emphasis added); *In re Sandy Ridge Oil Co., Inc.*, 807 F.2d 1332, 1335 (7th Cir. 1986); *In re Iowa–Missouri Realty Co., Inc.*, 86 B.R. 617 (Bankr.W.D.Mo.1988); *In re Matos*, 50 B.R. 742 (N.D.Ala.1985) ("[D]ebtors in possession do not, if at all, avoid [a] mortgage as a debtor; but avoid it, if at all, only in their role as trustee for *all* claimants against the debtor."); *In re Georgia Granite Co., Inc.*, 86 B.R. 733, 738 (Bankr.N.D.Ga.1988); *In re Wiggs*, 87 B.R. 57, 58 (Bankr.S.D.Ill.1988); *In re International Gold Bullion Exchange, Inc.*, 53 B.R. 660, 665 (Bankr.S.D.Fla.1985); *In re Great Plains Western Ranch Co., Inc.*, 38 B.R. 899, 905 (Bankr.C.D.Cal.1984); *In re Frazier*, 16 B.R. 674, 678 (Bankr. M.D.Tenn.1981); *see also Double J Cattle Co. v. Geis*, 203 B.R. 484, 487 (Bankr. D.Wyo.1995) (Chapter 12 debtor can use § 544 to avoid unperfected lien on cattle despite actual knowledge of lien).

As a result of the foregoing analysis, this court concludes that the deed of trust executed in favor of Grand Oaks may be avoided by CMG pursuant § 544(a)(3). CMG's motion for partial summary judgment as to this issue is well taken and will be sustained by a separate order.

The court would remind the parties, however, of the effect of § 349(b)(1)(B) of the Bankruptcy Code, which provides as follows:

(b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under § 742 of this title—

(1) reinstates—

(B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2,) or 551 of this title;

In other words, if this bankruptcy case is dismissed without being brought to a conclusion as contemplated by the Bankruptcy Code, this avoidance action will be unraveled. The reinstating effect of this section is yet another reason supporting the rationale underpinning those decisions which have criticized the *Hartman Paving* majority opinion.

## VI.

Because of the results reached hereinabove, the court is of the opinion that the motion to strike filed by Mrs. Pollard is now moot. Accordingly, it will be dismissed by the aforementioned separate order.